IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-70-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )     **ORDER** |
| | ) |
| DONNIE RAY COX, JR., | ) |
| | ) |
| Defendant. | ) |

On November 23, 2020, Donnie Ray Cox, Jr. ("Cox" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 157]. On December 9, 2020, March 18, 2021, and August 24, 2021, Cox submitted letters to the court with additional information regarding his motion for compassionate release [D.E. 160, 161, 162]. On March 18, 2022, the government responded in opposition [D.E. 167] and filed documents in support [D.E. 168]. As explained below, the court denies Cox's motion for compassionate release.

I.

On May 21, 2013, pursuant to a written plea agreement, Cox pleaded guilty to conspiracy to possess with intent to distribute and distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846. See [D.E. 37, 39, 116]. On January 16, 2014, the court held Cox's sentencing hearing. See [D.E. 100, 132]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Sent. Tr. [D.E. 132] 4–5; PSR [D.E. 44]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court found Cox's total offense level to be 34, his criminal history category to be VI, and his advisory guideline range to be 262 to 327 months' imprisonment. See Sent. Tr. [D.E. 132] 5. After granting the government's downward departure motion and thoroughly

considering the arguments of counsel and the section 3553(a) factors, the court sentenced Cox to 228 months' imprisonment. See Sent. Tr. at 6–26. Cox appealed. See [D.E.106]. On September 29, 2014, the United States Court of Appeals for the Fourth Circuit affirmed Cox's conviction, enforced the appellate waiver in Cox's plea agreement, and dismissed Cox's challenge to his sentence. See [D.E. 137]. On November 23, 2020, Cox moved for compassionate release [D.E. 157].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

2

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's

3

minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

Cox applied to his warden and received a denial on June 3, 2020. See [D.E. 157] 2; [D.E. 157-1]. Cox appealed to the regional director, and more than 30 days have elapsed. See [D.E. 157] 2–3; [D.E. 157-2]. The government has not invoked section 3582(c)(1)(A)'s exhaustion requirements. Therefore, the court addresses Cox's motion on the merits. See Muhammad, 16 F.4th at 130.

Cox seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his COVID-19 risk factors (i.e. his age, race, and health conditions), his rehabilitation efforts, his release plan, and his supportive family. See [D.E. 157] 3–17.

As for his medical conditions, Cox argues that his obesity, hypertension, and high cholesterol combined with his race (African American) and age (48), place him at elevated risk of serious infection from COVID-19. See [D.E. 157] 3, 5–8, 10, 13–15. Under the "medical condition of the defendant" policy statement, a defendant may qualify for compassionate release if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Other than arguing his race, age, and health conditions increase his risk from COVID-19, Cox does not argue that the BOP is not adequately treating and monitoring his conditions or that he is unable to provide self-care while incarcerated. See [D.E. 157] 3; [D.E. 157-3]. Cox also raises the COVID-19 risks associated with the conditions of a prison environment. See id. at 5–7, 10. 13–15; [D.E. 160]; [D.E. 161]; [D.E.

4

162]. Cox, however, has already had and recovered from COVID-19 and is vaccinated and boosted. See [D.E. 161] 1; [D.E. 168] 3. Cox's natural antibodies and vaccination provide him protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); Garrett v. Murphy, 17 F.4th 419, 433 & n.7 (3d Cir. 2021) (discussing natural immunity as a result of recovering from COVID-19); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide

5

availability of COVID-19 vaccines greatly diminishes the risk to Cox from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Therefore, reducing Cox's sentence because of his risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

Nonetheless, the court assumes without deciding that COVID-19 and Cox's health conditions, his rehabilitation efforts, his family support, and his release plan constitute extraordinary and compelling reasons under the "other reasons" policy statement and section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Cox's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Cox is 48 years old and is incarcerated for conspiracy to possess with intent to distribute and distribute 5 kilograms or more of cocaine. See id. ¶¶ 1–12. Cox was a manager or supervisor in the drug trafficking organization. See id. ¶ 67. Cox also is a lifelong drug dealer, having been convicted of multiple previous felony controlled substances offenses, including a previous federal offense. See id. ¶¶ 18, 19, 23, 30, 31, 34. Before Cox's latest federal conviction, Cox had an extensive criminal history including convictions for trespassing, simple assault, selling and delivering cocaine, possession with intent to sell and deliver cocaine (two counts), no operator's license (two counts), possession of stolen goods, resisting a public officer (five counts), possession with intent to sell and

6

deliver marijuana (two counts), possession of cocaine, communicating threats, driving with license revoked, assault on a government official or employee, possession of marijuana, and a federal conviction for conspiracy to possess with intent to distribute at least 50 grams of cocaine base ("crack") and at least 500 grams of cocaine. See id. at ¶¶ 16–34. Not surprisingly, Cox has performed terribly on supervision. See id. at ¶¶ 18, 23, 34.

With respect to Cox's first federal sentence, the court sentenced Cox to 144 months' imprisonment. See id. at ¶ 34. The court later reduced that term to 84 months, and Cox began his first term of supervised release. See id. What did Cox then do while on his first term of federal supervised release? Cox "violated the conditions of his supervised release by failing to report to his probation officer as directed, failing to complete his monthly reports, absconding from supervision, and engaging in new criminal conduct." Id. The court then revoked Cox's supervised release and sentenced him to 27 months' imprisonment. See id.

Cox learned nothing from his first two trips to federal prison. Cox has made some positive efforts while federally incarcerated on his latest trip. Cf. Pepper, 562 U.S. at 480. Cox has taken educational and self-improvement courses including drug treatment. See [D.E. 157] 15, [D.E. 157-3]. Cox, however, also has committed several serious infractions, including infractions for fighting, possessing an unauthorized item, and engaging in sexual acts. See [D.E. 167] 1.

The court must balance Cox's mixed record in federal custody with his serious criminal conduct, his horrible criminal history, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2022 WL 2295029, at *12 (U.S. 2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Cox's age and health conditions. See [D.E. 157] 3–17. The court recognizes that Cox has a release plan,

7

a job offer for after his release, and a supportive family. See id. at 17. Having considered the entire record, the section 3553(a) factors, Cox's arguments, the government's persuasive response, the risk to Cox from COVID-19, the need to punish Cox, to incapacitate him, to promote respect for the law, to deter others, and to protect society, the court denies Cox's motion for compassionate release. See, e.g., Concepcion, 2022 WL 2295029, at *12; Chavez-Meza, 138 S. Ct. at 1966–68; High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

As for Cox's request for home confinement, Cox seeks relief under the CARES Act. See [D.E. 157]; [D.E. 160] 1. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Simon, No. 20-6701, 2022 WL 337126, at *1 (4th Cir. Feb. 4, 2022) (per curiam) (unpublished); United States v. Saunders, 986 F.3d 1076, 1078 (7th Cir. 2021); United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1–2 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). To the extent Cox requests that the court merely recommend home confinement to the BOP, the court declines. Thus, the court dismisses Cox's request for home confinement.

III.

In sum, the court DENIES defendant's motion for compassionate release and request for home confinement [D.E. 157].

8

SO ORDERED. This 13 day of July, 2022.

*[Signature: Dever]*
JAMES C. DEVER III
United States District Judge