IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-70-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DONNIE RAY COX, JR., | ) | |
| | ) | |
| Defendant. | ) | |

The court is very familiar with Donnie Ray Cox ("Cox" or "defendant"). See [D.E. 132, 137, 138, 139, 172, 177, 178, 187]. On November 25, 2024, Cox filed his third motion for compassionate release [D.E. 191]. Cox argues that (1) the Bureau of Prisons has been deliberately indifferent to his hypertension and hyperlipidemia; (2) he has served an unusually long sentence; (3) his sentence resulted from entrapment; and (4) his sentence reflects a sentence disparity relative to his co-defendant. See id. at 12–25. On June 16, 2025, Cox filed a motion for a status update [D.E. 192] and attached an exhibit [D.E. 192-1]. On April 16, 2026, the United States responded in opposition [D.E. 196] and filed exhibits [D.E. 196-1, 197]. As explained below, the court denies Cox's motion for compassionate release and denies as moot Cox's motion for a status update.

I.

On May 21, 2013, with a written plea agreement, Cox pleaded guilty to conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846. See [D.E. 37, 39, 116]. On January 16, 2014, the court held Cox's sentencing hearing. See [D.E. 100, 132]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Sent. Tr. [D.E. 132] 4–5; PSR [D.E. 44]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court found Cox's total offense level to be 34, his criminal history

category to be VI, and his advisory guideline range to be 262 to 327 months' imprisonment. See Sent. Tr. at 5; PSR ¶ 75. After granting the government's downward departure motion and thoroughly considering the arguments of counsel and the section 3553(a) factors, the court sentenced Cox to 228 months' imprisonment. See Sent. Tr. at 6–26. Cox appealed. See [D.E. 106]. On September 29, 2014, the United States Court of Appeals for the Fourth Circuit affirmed Cox's conviction, enforced the appellate waiver in Cox's plea agreement, and dismissed Cox's challenge to his sentence. See [D.E. 137].

On November 13, 2020, Cox moved for compassionate release [D.E. 157]. On July 13, 2022, the court denied Cox's motion [D.E. 172]. Cox appealed [D.E. 173], but the Fourth Circuit dismissed his appeal for failure to prosecute [D.E. 177].

On September 6, 2023, Cox filed a pro se motion for compassionate release [D.E. 179]. On November 21, 2023, Cox, through counsel, withdrew the motion [D.E. 187].

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

2

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024); McCoy, 981 F.3d at 286 n.9.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See id. § 1B1.13(b). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. Id. § 1B1.13(e).

Cox seeks compassionate release under section 3582(c)(1)(A). <u>See</u> [D.E. 191]. As for Cox's medical circumstances, the policy statement requires, in relevant part, that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" or that the defendant "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(B)–(C). Cox does not allege that he cannot provide self-care for himself or that he cannot recover from his hypertension or hyperlipidemia. <u>See id.</u>; <u>cf.</u> U.S.S.G. § 1B1.13(b)(1)(B). Moreover, BOP records show Cox is receiving medical treatment for these conditions. <u>See</u> [D.E. 197]. Furthermore, Cox does not allege that these conditions require long-term or specialized treatment or that without treatment, a serious deterioration in his health or death may occur. <u>Cf.</u> U.S.S.G. § 1B1.13(b)(1)(C). Thus, Cox fails to demonstrate that his condition inhibits his ability to provide self-care in his correctional facility or that he is not being provided adequate medical care in custody. <u>See, e.g.</u>, <u>United States v. Worrell</u>, No. 6:24-CR-552, 2025 WL 3268305, at *3–4 (D.S.C. Nov. 24, 2025) (unpublished); <u>United States v. Barnhart</u>, 704 F. Supp. 3d 679, 682–85 (W.D. Va. 2023). Accordingly, reducing Cox's sentence because of his alleged medical condition does not comport with U.S.S.G. § 1B1.13(b)(1)(B)–(C).

As for the "other reasons" policy statement, Cox cites his alleged unusually long sentence, his alleged entrapment, and alleged sentencing disparities. Cox was a career offender and a relentless recidivist, and he received an appropriate sentence. Moreover, there was no unwarranted sentencing disparity among defendants with "similar records who have been found guilty of similar

4

conduct." 18 U.S.C. § 3553(a)(6). Furthermore, Cox cannot raise an entrapment claim under section 3582(c)(1)(A). See, e.g., United States v. Moody, 115 F.4th 304, 312 (4th Cir. 2024).

Cox's allegations are not extraordinary and compelling reasons under U.S.S.G. § 1B1.13(b)(5). And although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); Davis, 99 F.4th at 659; McCoy, 981 F.3d at 286 n.9.

Alternatively, even if Cox sufficiently alleged extraordinary and compelling reasons under section 3582(c)(1)(A), the section 3553(a) factors counsel against granting Cox's motion for compassionate release. See [D.E. 172] 6–8; Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. Cox is 52 years old and is incarcerated for conspiracy to possess with intent to distribute and distribute 5 kilograms or more of cocaine. See PSR ¶¶ 1, 6–12. Cox managed and supervised the drug trafficking organization. See id. ¶ 67. Cox also is a lifelong drug dealer, having been convicted previously of multiple felony controlled substances offenses, including a prior federal offense. See id. ¶¶ 18, 19, 23, 30–31, 34. Before Cox's latest federal conviction, Cox had an extensive and violent criminal history including convictions for trespassing, simple assault, selling and delivering cocaine, possession with intent to sell and deliver cocaine (two counts), no operator's license (two counts), possession of stolen goods, resisting a public officer (five counts), possession with intent to sell and deliver marijuana (two counts), possession of cocaine, communicating threats, driving with license revoked, assault on a government official or employee, possession of marijuana, and a federal conviction for conspiracy to possess with intent to distribute at least 50 grams of cocaine base ("crack") and at least 500 grams of cocaine. See id. ¶¶ 16–34. Not surprisingly, Cox has performed terribly on supervision. See id. ¶¶ 18, 23, 34.

5

As for Cox's first federal sentence, the court sentenced Cox to 144 months' imprisonment. See id. ¶ 34. The court later reduced that term to 84 months, and Cox began his first term of supervised release. See id. What did Cox then do while on his first term of federal supervised release? Cox "violated the conditions of his supervised release by failing to report to his probation officer as directed, failing to complete his monthly reports, absconding from supervision, and engaging in new criminal conduct." Id. The court then revoked Cox's supervised release and sentenced him to 27 months' imprisonment. See id.

Cox learned nothing from his first two trips to federal prison. Cox has made some positive efforts while federally incarcerated on his latest trip. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011). Cox has taken educational and self-improvement courses including drug treatment. See [D.E. 157] 15, [D.E. 157-3, 157-4]. Cox, however, also has committed several serious infractions, including infractions for fighting, possessing an unauthorized item, and engaging in sexual acts. See [D.E. 167] 1.

The court must balance Cox's mixed record in federal custody with his serious criminal conduct, his horrible criminal history, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 597 U.S. 481, 496–502 (2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389 398 (4th Cir. 2019). The court also has considered Cox's age and health conditions. Having considered the entire record, the section 3553(a) factors, Cox's arguments, the government's persuasive response, the need to punish Cox, to incapacitate him, to promote respect for the law, to deter others, and to protect society, the court denies Cox's motion for compassionate release. See, e.g., Concepcion, 597 U.S. at 496–502; Chavez-Meza, 585 U.S. 109, 115–20 (2018); High, 997 F.3d

6

at 187–91; <u>United States v. Ruffin</u>, 978 F.3d 1000, 1008–09 (6th Cir. 2020); <u>United States v. Chambliss</u>, 948 F.3d 691, 693–94 (5th Cir. 2020); <u>United States v. Hill</u>, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), <u>aff'd</u>, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 191] and DENIES as moot defendant's motion for a status update [D.E. 192].

SO ORDERED. This 23 day of April, 2026.

JAMES C. DEVER III<br>
United States District Judge

7